# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DWAYNE C. RUBICK | )<br>)<br>) No. 3:03-CR-111<br>) (Phillips)<br>) |

## MEMORANDUM AND ORDER

This matter is before the court on the defendant's motion for resentencing pursuant to the retroactive amendment to the crack sentencing guidelines [Doc. 17]. The government has responded [Doc. 21], and the defendant has filed a reply [Doc. 22]. The court also has received a modified presentence report from the United States Probation Office.

The defendant was sentenced on February 19, 2004, to 78 months in prison for distribution of five grams or more of crack cocaine. This sentence was based on a guideline range of 78-97 months (base offense level 27 and a criminal history category II). The defendant was given a sentence at the bottom of the guideline range. He received a concurrent sentence of 60 months for firearm charges. According to the Bureau of Prisons, the defendant is scheduled for release on April 24, 2009.

Under the retroactive amendment to the crack guidelines, the defendant's new guideline range is 63-78 months (base offense level 25 and a criminal history category

II).  The Sentencing Commission's policy statement provides that in determining whether a reduction should be granted under 18 U.S.C. § 3582(c)(2), and the extent of such a reduction, the court must consider (1) the factors set forth in 18 U.S.C. § 3553(a), (2) the danger to any person or the community, and (3) the post-sentencing conduct of the defendant.  U.S.S.G. § 1B1.10 cmt. n. 1(B).

The government admits that the new crack sentencing guidelines apply in this case, but argues that a further reduction in the defendant's sentence is not appropriate in light of the relevant factors listed in 18 U.S.C. § 3553(a).  The government argues that the defendant's possession of firearms at the time of his arrest, which resulted in a two-level increase in his base offense level, should preclude a reduction in his sentence.  In response the defendant argues that the firearms were taken into consideration at the time of his sentencing, and denying the crack cocaine reduction based on those same firearms is not proper.  The court agrees with the defendant's argument.  He already received a two-level increase for the firearms, and it is not necessary to further punish the defendant for possession of the firearms by denying him the benefit of the new crack cocaine guidelines.

The government also argues that the defendant should not benefit from the new crack cocaine guidelines because he needs training and other correctional treatment which he might receive during his remaining time in prison.  The defendant argues that following his release from prison, he will be placed on supervised release for four years.  The same programs, services and assistance will be available to him through the United

States Probation Office. The court agrees with the defendant's argument and notes that records received from the Probation Office indicate that in April of 2004, defendant completed the requirements for a G.E.D. He also completed the BOP drug treatment program in 2005, a financial responsibility program in January of 2006, and a release program in September of 2006.

The government next argues that a sentence reduction leading to defendant's immediate release would increase the likelihood of the defendant recidivating, based on defendant's criminal history. However, all of defendant's prior history, including his juvenile record and several dismissed charges were included in the original presentence report. The court took defendant's criminal history points into consideration when he was originally sentenced, and those points are still part of the revised Guideline calculation. Therefore, the court finds the government's argument on recidivism without merit.

In accord with 18 U.S.C. § 3582(c)(2), 18 U.S.C. § 3553(a), and USSG § 1B1.10, the court finds that the defendant's sentence should be recalculated and the new guidelines applied unless there are public safety considerations or there have been some subsequent actions by the defendant making it unreasonable to do so. *See* U.S.S.G. § 1B1.10 cmt. n. 1(B). According to information from the Bureau of Prisons, the defendant has been generally a compliant inmate, with the exception of being sanctioned on February 3, 2008, for Engaging in Sexual Acts, which resulted in the loss of 25 days of gain time.

Other than this one incident, the Probation Office was unable to locate any information that would indicate that the defendant is a risk of danger to any person or the community.

Therefore, it is hereby **ORDERED** that the defendant's motion for a reduction in his sentence based on the retroactive amendment to the crack guidelines [Doc. 17] is **GRANTED,** and the defendant's sentence is reduced to **63 months**. If this sentence is less than the amount of time the defendant has already served, the sentence is reduced to a "time served" sentence. This Order shall take effect ten (10) days from its entry in order to give the Bureau of Prisons time to process the release of the defendant. It is **FURTHER ORDERED** that except as provided above, all provisions of the judgment dated February 19, 2004 shall remain in effect.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge